UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANGELA B.,[1]

|  |  |  |
|---|---|---|
|  | Plaintiff, | Case # 21-CV-581-FPG |
| v. |  | DECISION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, |  |  |
|  | Defendant. |  |

## INTRODUCTION

Plaintiff Angela B. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 13. For the reasons that follow, Plaintiff's motion, ECF No. 11, is DENIED, and the Commissioner's motion, ECF No. 13, is GRANTED.

## BACKGROUND

In July 2019, Plaintiff applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 174. She alleged disability since May 2019 due to the following illnesses, injuries or conditions: depression, anxiety, memory issues, high blood pressure, lower back issues, neck injury, and diabetes. Tr. 71, 174. Plaintiff's application was initially denied on October 10, 2019, after which she requested a hearing in front of an Administrative Law Judge. Tr. 39-70. That

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 10.

hearing was held in front of ALJ Stephan Bell (the "ALJ") in July 2020 and, in August 2020, the ALJ issued a decision finding that Plaintiff was not disabled.  Tr. 39-70.  On March 30, 2021, the Appeals Council denied Plaintiff's request for review.  Tr. 1-5.  This action seeks review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.    Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

**I.    The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 23, 2019, the alleged onset date.  Tr. 17.  At step two, the ALJ found that Plaintiff had severe impairments of: major depressive disorder; panic disorder; posttraumatic stress disorder (PTSD); alcohol abuse in remission; schizoaffective disorder; mild bilateral hip degenerative joint disease; degenerative disc disease of the cervical spine; degenerative disc disease of the thoracic spine; and degenerative disc disease of the lumbar spine.  Tr. 18.  At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment.  Tr. 18.

Next, the ALJ determined that Plaintiff had the RFC to perform light work with the following exertional and non-exertional limitations:

> [Plaintiff] can occasionally climb ramps, stairs, ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can occasionally work at unprotected heights and around moving mechanical parts. She can occasionally operate a motor vehicle as a job duty. She can occasionally work in vibration. The claimant is able to perform simple, routine, and repetitive tasks and make simple work-related decisions.  She can occasionally interact with supervisors and coworkers, but she can never interact with the public.

Tr. 20-31.

At step four, the ALJ found that Plaintiff could not perform any past relevant work.  Tr. 31-32.  At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  Tr. 32-33.  The ALJ therefore found that Plaintiff is not disabled.  Tr. 33

## II.   Analysis

Plaintiff argues that remand is warranted because the ALJ did not properly evaluate the medical opinion evidence and that he "essentially relied upon [the] first hypothetical to the [Vocational Expert]" in crafting the RFC.  *See* ECF No. 11-1 at 5-6.

### A.  New Regulations Regarding Evaluation of Medical Opinion Evidence

"The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded."  *Raymond M. v. Comm'r*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *4 (N.D.N.Y. Feb. 22, 2021).  "According to the new regulations, the Commissioner 'will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion.'"  *Id.* (citing *Revisions to Rules Regarding the Evaluation of Medical Evidence ("Revisions to Rules")*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867–68 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c(a), 416.920c(a)).  "Instead, the Commissioner must consider all medical opinions and 'evaluate their persuasiveness' based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and 'other factors.'"  *Id.* (citing 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c)).

Under the new regulations, "the ALJ must still 'articulate how [he or she] considered the medical opinions' and 'how persuasive [he or she] find[s] all of the medical opinions.'"  *Id.* (citing 20 C.F.R. §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1)).  However, the new regulations "eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion."  *Id.*  Of the five factors the ALJ is to consider in evaluating the persuasiveness of medical opinions, consistency and supportability are "the most important."  *Id.* (citing *Revisions to Rules*, 82 Fed. Reg. 5844-01 at 5853).

"At their most basic, the amended regulations require that the ALJ explain her findings regarding the supportability and consistency of each of the medical opinions, 'pointing to specific evidence in the record supporting those findings.'" *Raymond M.*, 2021 WL 706645, at *8 (citing *Jacqueline L. v. Comm'r*, No. 6:19-CV-6786, 2021 WL 243099, at *6 (W.D.N.Y. Jan. 26, 2021)); *see also Janice P. v. Kijakazi*, No. 5:21-cv-55, 2022 WL 2251666, at *5 (D. Vt. Apr. 22, 2022) ("The ALJ will articulate how he or she considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required unless the ALJ is deciding among multiple medical opinions of equal support and consistency on the same issue that differ slightly." (internal quotation marks omitted)); *Cuevas v. Comm'r*, No. 20-CV-0502 (AJN) (KHP), 2021 WL 363682, at *14 (S.D.N.Y. Jan. 29, 2021) ("The new regulations controlling the ALJ's assessment of medical opinions now require an ALJ to explain how persuasive she found the medical opinions she considered, and specifically, how well a medical source supports their own opinion(s) and how consistent a medical source/opinion is with the medical evidence as a whole.").

The "supportability" factor of the new regulations "asks how well a medical source supported their opinion(s) 'with objective medical evidence' and 'supporting explanations.'" *Cuevas*, 2021 WL 363682, at *14 (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). "The 'consistency' factor calls for a comparison between the medical source's opinion and 'evidence from other medical sources and nonmedical sources' in the file." *Id.* (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)).

## B.  The ALJ's Assessment of Opinion Evidence

Here, Plaintiff argues that the ALJ erred because Plaintiff's "very long treating relationship with Drs. Mangat and Bansal," coupled with the "detailed psychological treatment record" in this

case, should have led the ALJ to "afford[ ] more weight to the treating physicians and their reports than those of the examining medical advisors."[3]   ECF No. 11-1 at 5-6.   Plaintiff's argument amounts to a generalized statement that "non-examining physician reports are not entitled to weight." *See* ECF No. 13-1 at 10 (citing ECF No. 11-1 at 6).

"[A]n ALJ is free to . . . choose between properly submitted medical opinion." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998).   Moreover, "[a]n An ALJ may, however, discount a treating physician's opinion—regardless of its form—if it is not supported by substantial evidence in the record." *Schillo v. Kijakazi*, 31 F.4th 64, 77 (2d Cir. 2022).   Thus, despite Plaintiff's contention to the contrary, there is no error *per se* based upon the ALJ finding the consultative medical opinions more persuasive than the opinions of the treating physicians.

"[I]n examining the ALJ's decision, [i]t is not [the court's] function to determine *de novo* whether [plaintiff] is disabled[.]" *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (citation & internal quotation marks omitted).   "Rather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Id.*

Here, the ALJ's RFC is supported by substantial evidence.   In crafting that RFC, the ALJ afforded the most credence to the opinions of state agency medical consultants Dr. Miller and Dr. Elhert and state agency psychiatric consultants Dr. Jurgia and Dr. Dekeon.

The ALJ relied upon the opinion of state agency consultant Dr. Miller, which he found persuasive because it was "supported by and consistent with the longitudinal medical evidence." Tr. 27.   Dr. Miller opined that Plaintiff has the capacity to lift and carry 20 pounds occasionally and 10 pounds frequently.   Tr. 27.   Dr. Miller further found that she can stand and/or walk for a

---

[3] The Court notes that the argument section of Plaintiff counsel's brief is less than two pages and includes only two case citations.

total of about six hours in an eight-hour workday, and she can sit for a total of about six hours in an eight-hour workday.  Tr. 27.  Finally, Dr. Miller opined that Plaintiff can occasionally stoop, kneel, crouch, and crawl, but she is unlimited in her ability to climb and balance.  Tr. 27.

The ALJ also discussed the opinion of state agency medical consultant which he found to be less persuasive that the opinion of Dr. Miller.  Tr. 27.  Dr. Ehlert opined that Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently; that she can stand and/or walk for a total of four hours and she can sit for a total of about six hours in an eight-hour workday; and that she can frequently to occasionally stoop, kneel, crouch, and crawl.  Tr. 27.

With respect to Dr. Jurgia's opinion, the ALJ found persuasive the opinion that Plaintiff has moderate limitations in her ability to understand, remember, or apply information and concentrate, persist, or maintain pace and mild limitations in her ability to interact with others.  Tr. 28.  The ALJ found Dr. Jurgia's opinions on these matters to be persuasive because they were supported and consistent with the mental status examination findings of Dr. Yatsynovich, as well as consistent with Plaintiff's reported activities of daily living.  Tr. 28.

In similar fashion, and for the same reasons, the ALJ found the opinion of Dr. Dekeon to be persuasive.  Dr. Dekeon opined that Plaintiff has moderate limitations in her ability to concentrate, persist, or maintain pace, interact with others, and adapt or mange herself, but that she retains the ability to perform work-related activities in brief contact/low stress settings.  Tr. 28.

"As noted above, the dispositive question is whether the ALJ's decision was supported by substantial evidence and grounded in correct legal standards."  *Bonet* ex rel. *T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order).  Having reviewed the ALJ's decision and the record in this matter, the Court finds that that the ALJ's weighing of the medical opinion evidence was

indeed supported by substantial evidence and based upon correct legal standards.  Accordingly, Plaintiff's argument is without merit and not a basis for remand.

### C.  Hypotheticals to Vocational Expert

Plaintiff also asserts that the ALJ's decision is not supported by substantial evidence because "ALJ Bell essentially relied upon her first hypothetical to the [Vocational Expert ('VE') in her decision."  ECF No. 11-1 at 5.  Plaintiff further argues that "the ALJ hypotheticals were based upon the opinions to whom she gave the most weight, which . . . was improper in and of itself, thus making the hypotheticals not supportable."  *Id.*

At step five, the ALJ must determine whether the claimant can adjust to other work for which there are a significant number of jobs in the national economy.  20 C.F.R. § 404.1569(a).  An ALJ can make his or her step five determination by adducing VE testimony.  *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014).  The ALJ may pose a hypothetical question to the VE and rely on the VE's response "as long as there is substantial record evidence to support the assumption[s] upon which the [VE] based his [or her] opinion and accurately reflect the limitations and capabilities of the claimant involved."  *Id.* (quotation marks and citations omitted).

As discussed above, the ALJ's weighing of the medical opinions, and ultimate RFC, are supported by substantial evidence.  After reviewing the transcript of Plaintiff's hearing, the Court finds that the hypothetical questions posed to the VE adequately reflected the RFC determination and that the ALJ was entitled to rely on the VE's responses.  Tr. 62-68.  Accordingly, the ALJ's step five analysis was supported by substantial evidence.  *See Jimmerson v. Berryhill*, No. 16-CV-442, 2017 WL 3149370, at *4 (W.D.N.Y. July 25, 2017) (finding no step five error where the hypothetical questions posed to the VE adequately reflected the RFC determination and the court had already determined the RFC was supported by substantial evidence).

**CONCLUSION**

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED.  The Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is GRANTED. The ALJ's decision is AFFIRMED.  Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.  The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 28, 2022
      Rochester, New York

                                     HON. FRANK P. GERACI, JR.
                                     United States District Judge
                                     Western District of New York